**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

William B. Lyons, Connie M. Hammond,
Gregory Thomas Pace, Karyn A. Deibel,
and Sandra M. Bolzenius,

Plaintiffs,

v.

City of Columbus, and, named only in
their official capacities, Mayor Andrew J.
Ginther, City Attorney Zach M. Klein,
City Clerk Andrea Blevins, and City
Councilmembers Elizabeth C. Brown,
Mitchell J. Brown, Rob Dorans, Shayla
Favor, Shannon G. Hardin, Emmanuel V.
Remy, and Priscilla R. Tyson,

Defendants.

Case No. _____

**Verified Complaint for Declaratory and
Injunctive Relief**

*Temporary Restraining Order/Preliminary
Injunction Requested*

**Nature of the Case**

1. Plaintiffs ask the Court to decide whether the constitutional rights protections that apply

   to the petition process to propose a city charter amendment, which prohibit severe

   burdens to ballot access, require suspending the signature gathering deadline in

   Columbus City Charter section 42-7, for a petition that was on track to qualify by

   gathering sufficient signatures, but for which the petition proponents suspended signature

   gathering as social distancing public health measures went into effect, so as not to

   increase public health risks during the COVID-19 pandemic.

**Jurisdiction**

2.  Jurisdiction in this case is predicated on 28 U.S.C. § 1331, this being a case arising under

    the Constitution of the United States and 42 U.S.C. § 1983.

**Venue**

3.  Venue is proper in this District and Division under 28 U.S.C. § 1391(b) because all

    the Defendants reside in this District and Division, are residents of Ohio, and a

    substantial part of the events giving rise to Plaintiffs' claims occurred in this District and

    Division.

**Parties**

4.  Plaintiffs are five members of the Columbus Community Bill of Rights proposed City

    Charter amendment's petitioners committee: William M. Lyons, 245 Walhalla Rd.,

    Columbus, OH 43202; Connie M. Hammond, 166 Acton Rd., Columbus, OH 43214;

    Gregory Thomas Pace, 1362 Erickson Rd., Columbus, OH 43227; Karyn A. Deibel, 166

    W. Como Ave., Columbus, OH 43202; and Sandra M. Bolzenius; 88 W. Blake Ave.,

    Columbus, Ohio 43202.

5.  Defendants are the City of Columbus and its officials who have ministerial and other

    duties under Sections 42 and 45 of the City Charter, all at Columbus City Hall, 90 W

    Broad St, Columbus, OH 43215: Mayor Andrew J. Ginther, City Attorney Zach M. Klein,

    City Clerk Andrea Blevins, and City Councilmembers Elizabeth C. Brown, Mitchell J.

    Brown, Rob Dorans, Shayla Favor, Shannon G. Hardin, Emmanuel V. Remy, and Priscilla

    R. Tyson.

6.  All individual defendants are named only in their official capacities.

7. Defendants were and are at all times engaged in state action and acting under color of Ohio law.

**The process for amending the Columbus City Charter**

8. Columbus' Charter provides that both the people by petition, or the council by two-thirds vote, may submit proposed amendments to the Charter to the electors of the city for approval. Charter section 45.[1]

9. To initiate the charter amendment petition process, a petition committee (Sec. 42-3) uses the City Clerk's template petition (Sec. 42-1) to create a petition form (Sec. 42-2) and files a certified copy of the petition with the City Clerk (Sec. 42-4). The date of the certified copy filing triggers a one-year deadline for signature gathering, which is the provision Plaintiffs are challenging in this case, as applied during this pandemic:

Sec. 42-7. - All petitions to be filed with city clerk.

All separate part-petitions providing for a proposed ordinance, referendum, recall, or charter amendment shall be filed at the same time, as one instrument, with the city clerk. No alterations, corrections, or additions may be made to a petition after it is filed in a public office. Petitions for an initiated ordinance or charter amendment shall be filed within one year of filing a certified copy of the same with the city clerk; petitions for recall or referendum shall be filed as otherwise provided for herein.

10. This one-year deadline was added in a 2014 amendment to the Charter. To Plaintiffs' knowledge, this deadline is, upon information and belief, unique for petition processes in Ohio's cities.

---

1   Available at https://library.municode.com/oh/columbus/codes/code_of_ordinances?nodeId=CHTR_THECICOOH_CHAM_S45CHAM.

11. After the petition committee files the signed petitions with the City Clerk, the City Clerk forwards the petitions to the three County Boards of Elections that administer elections within the City of Columbus, who validates the signatures, and to the City Attorney to review the legal sufficiency of the petition. (Sec. 42-9.) If the petition and signatures meet legal requirements, the City Council must pass an ordinance to put the measure on the ballot. (Secs. 45-1, 45-2, 42-11, 42-1.2) The Council must take action "forthwith," but the particular timing of the ordinance is important, because it determines which electoral ballot the proposed charter amendment appears:

Sec. 45-2. - Placement of issue on the ballot.

The aforesaid ordinance shall order and provide for the submission of such proposed charter amendment to the electors at the next regular municipal election if one shall occur not less than sixty nor more than one-hundred-twenty days after its passage; otherwise it shall provide for the submission of the question at a special election to be called and held within the time aforesaid.

12. If the majority of the electors approve the proposed Charter amendment, it becomes part of the City Charter. (Sec. 45-5.)

### The Columbus Community Bill of Rights Charter amendment petition and signature gathering plan

13. In a previous initiative effort to put a proposed City ordinance on the ballot, Plaintiffs had successfully gathered over 18,000 signatures, but were kept off the ballot by the Board of Elections and the courts. *See State ex rel. Bolzenius v. Franklin Cnty. Bd. of Elections*, 2018-Ohio-3708.[2]

---

2  Opinion and docket available at http://www.sc.ohio.gov/Clerk/ecms/#/caseinfo/2018/1221.

14. Plaintiffs, the petition committee for the proposed Charter amendment "Community Bill of Rights for Water, Air, and Soil Protection and to Prohibit Fossil Fuel Extraction and Related Activities and Projects" (hereinafter "Community Bill of Rights" or "proposed Charter amendment"), filed a certified copy of the petition with the City Clerk on June 19, 2019.

15. By March 11, 2020, the campaign had secured almost 9,000 signatures to place the Charter Amendment on the November 2020 ballot. Petitions always contain many invalid signatures (from, *e.g.*, voters who mistakenly sign but do not actually live in the city), and thus petitioners usually attempt to gather upwards of 50% more signatures than required. The petitions require 9,870 valid signatures on June 18. The campaign had collected over 18,000 signatures last time. This time they had planned to turn in at least 16,000 total signatures to exceed the required 9,870 valid signatures. Plaintiffs were confident that they would have made it given all the events that were going to happen, and that they always get a big push at the end when warmer weather comes.

16. Plaintiffs and the campaign planned to gather signatures at a number of events in March, April, May, and June. Based on their recent successful signature gathering effort, they were confident that this plan would result in sufficient signatures to qualify the proposed Charter amendment:

**March**
Franklinton Fridays - Mar 13
Early Voting - Mar 13-16
Primary Day - Mar 17
400 Market - Mar 29

**April**
Franklinton Fridays - Apr 10
Clean Water for Columbus Craft Beer at Columbus Brewing Co - Apr 16
Earth Day - Apr 25

Clintonville Farmers' Market - Apr 25
SPAN Ohio Annual Meeting - Apr 25
400 Market - Apr 26

**May**
Clintonville Farmers' Market - May 2, 9, 16, 23, 30
Clean Water for Columbus Craft Beer at another Columbus Brewery - to be arranged for May
Franklinton Fridays - May 8
B.R.E.A.D. Nehemiah Action - May 12 (thousand of people meet at the Fairgrounds for a big event)
Columbus Asian Festival - May 23, 24
400 Market - May 31

**June**
Rhythm on the River - June 5, 6
Clean Water for Columbus Craft Beer at another Columbus Brewery - to be arranged for during the first or second week of June
Clintonville Farmers' Market - Jun 6, 13
Franklinton Fridays - Jun 12
Columbus Arts Festival - Jun 12-14

17. In addition to these events Plaintiffs and the campaign have regularly collected hundreds of signatures in front of the Columbus libraries, especially the Whetstone and Karl Road branches. They also collect signatures when invited to church services, such as when church ministers of the African American community and others have allowed them to speak to their congregations and collect signatures. For example, they last visited Family Missionary Baptist Church on February 2, 2020, spoke during announcements, and collected signatures after the service.

18. In addition to all of those events they subscribe to a couple of weekly newsletters of upcoming meetings and events where they look to petition. They have attended many events from tracking such sources.

**COVID-19 and Ohio's Response**

19. On January 30, 2020, the World Health Organization declared the outbreak of COVID-19 a public health emergency of international concern. On January 30, 2020, the Director of the National Center for Immunization and Respiratory Diseases at the Centers for Disease Control and Prevention announced that COVID-19 had spread to the United States. On January 31, 2020, the President of the United States suspended entry into the United States of foreign nationals who had traveled to China.

20. On March 3, 2020, Governor Mike DeWine announced that the Arnold Sports Festival, a large gathering of athletes and spectators in downtown Columbus, Ohio, was closed to spectators. On March 9, 2020, Governor DeWine declared a state of emergency in Ohio. On March 9, 2020, the Ohio State University suspended classes. On March 12, 2020, Governor DeWine and Dr. Amy Acton, Ohio Health Department Director, ordered mandatory emergency closings throughout Ohio. On March 12, 2020, Governor DeWine ordered all private and public schools, grades K through 12, closed beginning at the conclusion of the school day on Monday, March 16, 2020. On March 13, 2020, the Columbus Metropolitan Library closed its branches. Parades and events were canceled throughout Central Ohio at this same time, including the Columbus International Auto Show in Columbus, Ohio, and St. Patrick's Day parades in Columbus and Dublin.

21. On March 14, 2020, the Ohio Department of Health issued "Director's Order: In re: Order to Limit and/or Prohibit Mass Gatherings in the State of Ohio."[3] On March 15, 2020, the Ohio Department of Health issued "Director's Order: In re: Order Limiting the Sale of Food and Beverages, Liquor, Beer and Wine to Carry-out and Delivery Only."

---

3  Public Health Orders from Department of Health and Governor DeWine are available at
   https://coronavirus.ohio.gov/wps/portal/gov/covid-19/resources/public-health-orders/Public-Health-Orders.

Early on March 17, 2020, the Ohio Department of Health issued "Director's Order: In re:

Closure of Polling Locations in the State of Ohio on Tuesday, March 17, 2020." On

March 17, 2020, the Ohio Department of Health issued "Director's Order: In re:

Amended Order to Limit and/or Prohibit Mass Gatherings and the Closure of Venues in

the State of Ohio." On March 22, 2020, the Ohio Department of Health issued "Director's

Order that All Persons Stay at Home Unless Engaged in Essential Work or Activity."

22. On March 13, 2020, the President of the United States declared a national emergency

retroactive to March 1, 2020.

23. After over a month of quarantine measures likely not seen for at least a century, or

possibly ever in the history of the State of Ohio, on April 30, 2020, Defendant Governor

DeWine announced a plan to begin to re-open Ohio, and the Ohio Department of Health

issued the "Director's Stay Safe Ohio Order," which still ordered everyone to stay home

in paragraph 3, absent an exception:

**Stay at home or place of residence.** With exceptions as outlined below, all
individuals currently living within the State of Ohio are ordered to stay at home or at
their place of residence except as allowed in this Order. To the extent individuals are
using shared or outdoor spaces when outside their residence, they must at all ties and
as much as reasonably possible, maintain social distancing of at least six feet from
any other person, with the exception of family or household members, consistent
with the Social Distancing Requirements set forth in this Order. All persons may
leave their homes or place of residence only to participate in activities businesses or
operations as permitted in this Order.

24. While Ohio is in the process of "reopening," the epidemiological curve for new COVID-

19 cases is only slowly decreasing,

https://coronavirus.jhu.edu/testing/individual-states/ohio. This suggests that people will

be appropriately concerned about an increase in SARS-CoV-2 transmission as public

health measures are removed. Dr. Acton, Director of the Ohio Department of Health,

expressly emphasizes this concern in her recent orders[4]:

"[I]f the situation deteriorates [then] additional targeted restrictions will need to be made. While government can set the baseline, it should be understood that these orders set forth the minimum acts that must be taken and if people do more than the minimum to act safely, it will benefit everyone."

### Columbus Community Bill of Rights' decision to prioritize public health and suspend signature gathering.

25. On March 12, 2020, Plaintiffs and the campaign, decided to stop gathering signatures due

to the coronavirus pandemic. They stopped gathering signatures after March 12, and on

March 14 announced the suspension of signature gathering, sent by email:

Dear friends of CCBOR, given the coronavirus (COVID-19) pandemic we have decided to temporarily suspend our signature gathering.

Our Community Bill of Rights is much too important for Central Ohio. We cannot allow our system to leave an unsafe environment for us and future generations. Once the crisis subsides we will be back working to get our local rights-based initiative on the ballot as soon as it is deemed safe again to interact publicly. In the meantime, we will lobby the city to extend the the mandated one-year period for turning in our petitions.

Our movement values the life, health, environment, and rights of ourselves and our communities. Therefore, we urge all people to practice social distancing to help "flatten the curve" of expected cases so that the health system has more chance to treat all the patients who need help.

We realize, as you all are aware, that there are a lot of unknowns at this point. We thank you all so much for your help and support during our previous campaigns and the current one!

If you have any questions or want more information, PLEASE feel free to contact us!

With great appreciation and hope,

The CCBOR Team    3/14/2020

---

4    Available at https://coronavirus.ohio.gov/static/publicorders/revised-business-guidance-sd.pdf in preamble.

26. Signature gathering is usually really productive at large public gatherings. Signature gathering outside the March primary election polling places, which was scheduled for March 17, is very effective because the people present are all registered voters who reside in the city. Other large public gatherings are more common in the late spring and early summer, not in the winter.

27. Because of the timing of the first wave of the COVID-19 pandemic in Ohio, these events were all canceled by state public health orders.

**City of Columbus Council's refusal to take action under these exceptional circumstances.**

28. On April 27, 2020, Plaintiffs requested, given the extraordinary circumstances, that the Columbus City Council could simply use its power under Charter section 45 to place the initiative on the ballot by a two-thirds vote.

29. In response Columbus City Council President Shannon Hardin's legislative aide wrote to Plaintiff Sandy Bolzenius on May 1, 2020:

Dear Sandy Bolzenius and the Community Bill of Rights team,

Thanks for your email. I hope you all and your loved ones are safe during this trying time.

It would be an unprecedented action to shift a citizen-initiated petition, that has not met the signature threshold, to a Council-initiated charter change. Residents approved the Charter measures that set forward the petition process. By unilaterally placing this amendment on the ballot, Council would be circumventing the process approved by voters. Council President Hardin does not support Council unilaterally placing the Community Bill of Rights on the ballot this November. Council is committed to following the charter. When the CCBOR team gathered the adequate signatures in 2018 and followed the process as articulated in the Charter, Council moved to place that proposed ordinance on the ballot.

This all being said, we are sorry that COVID-19 blocked the legally-allowed path you all were pursuing to put this question before voters. Our office sees you all at

10

community events all over town. The CCBOR team works extremely hard for what you believe in and your commitment to this effort is unquestionable.

Thank you for taking the time to read this and have a great day.

Best,

Zak Davidson

Legislative Aide | Office of Columbus City Council President Shannon G. Hardin

30. On May 14, Defendant Council President Pro Tempore Elizabeth Brown responded to campaign volunteer Carolyn Harding's email. The elected official expressed her disagreement with the strategy of attempting to regulate fracking through city law.

**City of Columbus' Health Commissioner's refusal to take action under these exception circumstances.**

31. Having received no relief from the City Council, on May 6, 2020, Plaintiff Bill Lyons wrote on behalf of the Committee of Petitioners to Dr. Mysheika Roberts, City of Columbus' Health Commissioner, who at that time had emergency powers:

RE: Public Health Risks of Petition Gathering, Request for Tolling of Time Limitation for Columbus Community Bill of Rights Petition Circulation

Dear Commissioner Roberts:

We are the members of the Committee sponsoring and leading the grassroots initiative petition campaign for a vote on the Columbus Community Bill or Rights (CCBOR).

The CCBOR threatens to become a victim of the Ohio Department of Health's orders imposing quarantine and lockdown restrictions as a consequence of the coronavirus pandemic. We are approaching you as the officer delegated to implement those orders in the City of Columbus and ask that you expeditiously consult with ODH Director Amy Acton to consider an order specific to the City of Columbus which tolls the Columbus Charter provision that requires initiative petition signatures to be gathered within a strict one-year period. This deadline is unique to Columbus.

Both ODH's March 22, 2020 and current April 30, 2020 orders excepted free speech exercises from their terms. The April 30 order says that "This [Prohibited Activities]

Section does not apply to First Amendment protected speech, including petition or referendum circulators…" "Director's Stay Safe Ohio Order," April 30, 2020, ¶ 4. The March order had classified "First Amendment protected speech" under "Essential Business Operations," without any elaboration. "Director's Stay at Home Order," March 22, 2020, ¶ 12(g).

We agree that free speech is essential. However, we also intend to be responsible in how we exercise our speech and petition rights, and we do not intend to gather signatures during the pandemic. It is not safe for the campaign's volunteer circulators, for petition signers, and for the other people with whom we would come into contact by signature gathering outside libraries, food stores, in other public places, or door to door.

We were well on the way to submitting the required 9,870 valid elector signatures by the June 18, 2020 deadline when, on March 22, 2020, Governor Mike DeWine and Dr. Acton ordered mandatory business and other shutdowns, and for most of Ohio's citizens to stay at home. This was unprecedented, but a completely justified move to mitigate the dangerous spread of the novel coronavirus. That evening, CCBOR made the difficult, but responsible, decision to suspend its signature-gathering efforts, given the grave personal and public health risks of in-person petition gathering.

Collecting signatures can require close personal contact to solicit people to sign paper petitions on clipboards carried by circulators. Such activities pose a substantial risk to public health. Petitioning typically takes place on public sidewalks outside buildings, at public events and other facilities where there is a lot of pedestrian traffic. It would be dangerous to return to petition gathering, especially given the lack of government input on the issue. Petitioners volunteering their efforts want to maintain the united actions to contain the spread of disease, and should not have to choose between exercising their Free Speech rights while endangering themselves or others with potentially lethal viral infection.

As Governor DeWine and Secretary of State LaRose said in a joint statement when suspending the March Primary election: "Logistically, under these extraordinary circumstances, it simply isn't possible to hold an election tomorrow that will be considered legitimate by Ohioans. They mustn't be forced to choose between their health and exercising their constitutional rights."

**We therefore request that City of Columbus Public Health, the Ohio Department of Health and Governor DeWine please collaborate to apply state emergency powers in the following way. We ask that the State order that the one-year petition signature-gathering period mandated by § 42-7\* of the Charter of the City of Columbus be tolled from March 22, 2020 until the day that the Director's orders are terminated and the solicitation of signatures may safely resume. The point is to restore to the petitioners the three months of campaign time lost to the effects of the quarantine orders.**

*Section 42-7 states, pertinently: "Petitions for an initiated ordinance or charter amendment shall be filed within one year of filing a certified copy of the same with the city clerk; . . . ."*

This request is very similar to emergency measures the Governor has already put in place for many legal deadlines. For example, emergency COVID-19 legislation swiftly passed in March tolled civil and criminal statutes of limitations and litigation deadlines through July 30, 2020.

What we seek is simple safety precaution and fairness. A failure of government officials to address this issue would be worrisome. It would make a mockery of the initiative process, because it would require the people to "choose between their health and exercising their constitutional rights."

The initiative itself concerns protections for the community drinking water supplies. The people have grave concerns about toxins being disposed into ecosystems within the area's watershed. These community volunteers have been attempting in three previous attempts to place an initiative on the ballot to allow the voters to have a say in preventing a public health crisis of another making, radioactive and toxic chemicals leaking into the water supply. We all have seen the devastating effects on a community when their water is contaminated, for example Flint, Michigan and Toledo, Ohio.

In 2018, we successfully collected sufficient signatures (over 18,000) to have this initiative petition advance beyond signature gathering. We have learned how to successfully gather signatures and – but for the pandemic – we would have qualified this initiative.

In 2019 and early 2020, our volunteer petition circulators spent hundreds of hours to painstakingly collect nearly 9,000 signatures. Then the pandemic hit and we suspended our efforts. In April, we asked Columbus City Council to grant an extension of the one-year rule because of the petition circulation opportunities lost from the statewide lockdown, but Council declined this request on May 1, 2020, stating that the Council did not have the authority to supersede the City Charter. We believe the City of Columbus has the shortest signature-gathering period among all major Ohio cities. We estimate that it will take 13,000 or more signatures overall to have the requisite valid number. We were on track to collect these signatures prior to the pandemic.

The coronavirus disruption should not be allowed to scuttle Columbus voters' free speech rights to vote on this very important issue. We ask to meet with you, Dr. Roberts, and to work in consultation with Director Acton and Governor DeWine to ensure that fairness is observed and justice can be done.

All we ask is for respect for the people's power to exercise their constitutional rights so they do not become a victim of the coronavirus. You have the authority to make sure that happens. Please toll the deadline for signature gathering.

Thank you.

. . .

32. On May 8, the Health Commissioner responded by email:

Mr. Lyons,

Thank you for your correspondence, and your respect for the unique situation our city, state and nation finds itself in.

At this time, we are aware of no provisions in state or city law that allow the health commissioner to suspend petition-related sections of the city charter. We would encourage you to continue working with the legislative branch of city government to explore solutions to your predicament.

**Injury to Plaintiffs**

33. Thus, Plaintiffs and Columbus Bill of Rights have exhausted other options to not lose their extensive work in signature gathering during this public health emergency through no fault of their own: the City Council has refused to bypass this impasse by using its power to simply submit the proposed charter amendment to the people, and the Health Commissioner and the City refused to use their emergency powers to stay the deadline. The Petitioners Committee now turns to this Court to protect the people's constitutional right to use the initiative process during the pandemic, and prevent the burden to ballot access that would result by imposing the one-year deadline on June 18, 2020.

34. Without this relief, Plaintiffs would have to restart their campaign, costing significant time and expense, as well as generate confusion with electors who have already signed the current petition.

35. Plaintiffs' injury is directly caused by the one-year deadline in Columbus City Charter section 42-7, as applied during this pandemic.

36. Under these exceptional circumstances, the Columbus City Charter deadline for signature petitions imposes a severe burden upon ballot access and a violation of core political rights, and therefore is unconstitutional as applied to the Columbus Community Bill of Rights initiative, which would have qualified for the ballot but-for the public health impacts of signature gathering since March.

37. At this stage, only a court can order redress of this harm to the people's political rights under the unique circumstances of this coronavirus pandemic. This Court has that power, through declaring the one-year deadline unconstitutional as applied during this pandemic, and enjoining that deadline.

## First Cause of Action

## First and Fourteenth Amendment

38. All previous paragraphs are incorporated herein by reference.

39. As applied under the present circumstances of this pandemic, the one-year deadline in Columbus City Charter section 42-7 violates rights guaranteed to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

40. A real and actual controversy exists between the parties.

41. Plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

42. Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

**Second Cause of Action**

**Fourteenth Amendment Equal Protection Clause**

43. All previous paragraphs are incorporated herein by reference.

44. As applied under the present circumstances of this pandemic, the one-year deadline in Columbus City Charter section 42-7 violates rights guaranteed to the Plaintiffs by the Equal Protection Clause of the Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

45. A real and actual controversy exists between the parties.

46. Plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

47. Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

**Third Cause of Action**

**Fourteenth Amendment Due Process Clause**

48. All previous paragraphs are incorporated herein by reference.

49. As applied under the present circumstances of this pandemic, the one-year deadline in Columbus City Charter section 42-7 violates rights guaranteed to the Plaintiffs by the Due Process Clause of the Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

50. A real and actual controversy exists between the parties.

51. Plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

52. Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

**Demand for Relief**

53. WHEREFORE, the Plaintiffs respectfully pray that this Court:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order, preliminary injunction, or both, tolling the June 18, 2020 deadline for Plaintiffs to submit petitions for the Columbus Community Bill of Rights proposed Charter amendment;

(3) Declare that the last sentence of Columbus City Charter section 42-7, Columbus' deadline for turning in signature petitions, is unconstitutional under the First and Fourteenth Amendments as applied to the Columbus Community Bill of Rights in light of the COVID-19 pandemic;

(4) Extend that deadline by ordering the City of Columbus to accept the signature petitions on the Columbus Community Bill of Rights whenever the committee of petitioners turns them in, no later than June 18, 2022.

(5) Order Defendants to pay to Plaintiffs their costs and a reasonable attorney's fees under 42 U.S.C. § 1988; and

(6) Such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Terry J. Lodge
Terry J. Lodge, Esq.
316 N. Michigan St., Suite 520
Toledo, OH 43604-5627
(419) 205-7084
tjlodge50@yahoo.com

*Attorney for Plaintiffs*

## Certificate of Service

I hereby certify that on June 16, 2020, I sent a copy of the Complaint filed in this matter via electronic mail to the following members of the office of the Columbus City Attorney: Zak Klein, cityattorney@columbus.gov; Lara Baker-Morrish, lnbaker-morrish@columbus.gov; Wendi Bootes, wsbootes@columbus.gov; Sarah Harrell, slharrell@columbus.gov; Robert Tobias, rstobias@columbus.gov; Rebecca Wilson, reewilson@columbus.gov.

/s/ Terry J. Lodge
Terry J. Lodge, Esq.

**VERIFICATION OF PLAINTIFF**
**(pursuant to 28 U.S.C. § 1746)**


I, *SANDRA M. Bolzenius*, verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on: *June 16, 2020*

Signed: *Sandra M. Bolzenius*

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. § 1746)

 

I, __Gregory Thomas Pace__, verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

 

Executed on: _____06/16/2020_____

Signed: _____

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. § 1746)

I, _William Lyons_ , verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _June 16, 2020_

Signed: _William Lyons_

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. § 1746)

I, _Connie Hammond_ , verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _June 16, 2020_

Signed: _Connie Hammond_

**VERIFICATION OF PLAINTIFF**
**(pursuant to 28 U.S.C. § 1746)**

I, *Karyn A. Deibel*, verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: *6-16-2020*

Signed: *Karyn A. Deibel*